IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODRIGO GONZALEZ,

    Petitioner,

vs.                                            Civil No. 11-cv-1053-DRH-CJP

BRADLEY J. ROBERT,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Rodrigo Gonzalez is an inmate in the custody of the Illinois Department of Corrections. He filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 (Doc. 1), challenging the IDOC's position that his three year term of mandatory supervised release will begin to run only after the completion of his twenty year prison term.

### I. Relevant Facts

On July 24, 2008, petitioner Gonzalez entered a plea of guilty in the Circuit Court of Cook County, Illinois, to a charge of first degree murder. The crime had occurred in 1988. At sentencing, the judge explained that the law on sentencing for first degree murder had changed since 1988, and gave petitioner the choice of being sentenced under the 1988 law or under the law in effect at the time of sentencing. Gonzalez chose to be sentenced under the law in effect in 1988. The judge further explained that his sentence would include a three year term of mandatory supervised release, which he would have to serve after his release

from prison. Doc. 21, Ex. B, Transcript of Sentencing, pp. 3-4. He was sentenced to twenty years imprisonment. Ex. B, p. 16.

In May, 2009, Gonzalez filed a petition for mandamus in the Circuit Court of Cook County, alleging that requiring him to serve his three year term of MSR after his term of imprisonment violated his rights under the 4th, 5th, 6th and 14th Amendments to the U.S. Constitution and under various provisions of the Illinois State Constitution. Doc. 21, Ex. C. The petition was denied. Doc. 21, Ex. D. Appointed counsel filed an appeal, but then moved to withdraw because there were no issues of arguable merit on appeal. Doc. 21, Ex. F. Counsel was permitted to withdraw, and the appeal was denied. Doc. 21, Ex. G.

Gonzalez did not file a petition for leave to appeal to the Illinois Supreme Court. Doc. 21, p. 3.

## II. Applicable Legal Standards

### 1. Law Applicable to § 2254 Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA.

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review. 28 U.S.C. §2254(d)

restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

### 2. Exhaustion and Procedural Default

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999), see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, a petitioner must fully present his claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 843-846.

## Analysis

Respondent argues that petitioner's claims are procedurally defaulted. Gonzalez did not present his claims for one full round of the Illinois established appellate review process because he did not file a petition for leave to appeal

(PLA) to the Illinois Supreme Court. After respondent filed his answer, the Court directed petitioner to file a reply, addressing any factual or legal matters raised in the answer. See, Doc. 22. Gonzalez did not file a reply, and has not otherwise contested respondent's statement that he failed to file a PLA. It is clear that the issues raised in the habeas petition are procedurally defaulted.

Procedural default may be excused if the petitioner shows either (1) cause for the default and actual prejudice, or (2) that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 111 S. Ct. 2546, 2565 (1991). Cause in this context means "some external impediment." *Id.*, 111 S. Ct. at 2566. Gonzalez has made no attempt to demonstrate cause or prejudice. Therefore, this Court cannot consider the issues raised in his habeas petition.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). No reasonable jurist could find the above assessment of plaintiff's claims to be debatable. See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Accordingly, the Court denies a certificate of appealability.

## Conclusion

Rodrigo Gonzalez' petition for habeas relief under 28 U.S.C. §2254 **(Doc. 1)** is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 19th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.19 12:02:43 -06'00'

**Chief Judge**
**U.S. District Court**